**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| WAYNE COLEMAN, | No. CV 08-1833-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| PHOENIX ART MUSUEM, | |
| Defendant. | |

Pending before this Court are numerous motions filed by both parties. For the reasons that follow, this Court grants Plaintiff Wayne Coleman's Motion for Leave to Amend Complaint (Doc. # 17) and Defendant Phoenix Art Museum's Motion to Dismiss (Doc. # 13). All other motions pending before this Court are denied.

## BACKGROUND

Plaintiff alleges that in April 2007, he went to the Phoenix Art Museum for the purposes of viewing the Rembrandt Exhibition. After purchasing tickets, Plaintiff began to walk towards the exhibit area when he was stopped by security guards employed by Defendant. Plaintiff was informed that he would not be allowed to bring his "unique 'hip' chair" into the exhibit area out of concern of the safety of others and the protection of the paintings on display. Plaintiff explained that he is disabled and that he needs the hip chair. In response, Defendant offered to provide Plaintiff with a standard wheelchair or a motorized wheelchair. Plaintiff refused both options and insisted upon the use of his hip chair. When

1  Defendants would not allow Plaintiff to enter the exhibit with his hip chair, Plaintiff left the
2  museum without having viewed the exhibit.

3  Plaintiff commenced this action by filing a pro se complaint against Defendant.
4  The one-sentence complaint stated: "Civil rights violation by the Phoenix Art Museum of
5  the Americans with Disability Act section #508." Doc. # 1, Exhibit A at 10. The Court
6  granted Defendant's motion to dismiss the complaint for failure to state a claim for relief and
7  reminded Plaintiff that he had a right to file an amended complaint without leave of court.
8  (Doc. # 11) Plaintiff then filed an amended complaint. (Doc. # 12) In response, Defendants
9  filed a Motion to Dismiss Plaintiff's amended complaint. (Doc. # 13) When Plaintiff failed
10 to file a response to Defendant's motion within the allotted time, Defendant filed a Request
11 for Summary Disposition. (Doc. # 14) Plaintiff then filed a Leave to Amend Complaint (Doc.
12 # 17).

13 **ANALYSIS**

14 *Request for Summary Disposition*

15 Plaintiff failed to file a response to Defendant's Motion to Dismiss. Local Rule 7.2(c)
16 mandates that responsive memorandum be filed within ten days after service of a motion.
17 Pursuant to LRCiv 7.2(i), this Court could, as Defendant requests, deem Plaintiff's failure to
18 timely respond to its dismissal motion as "consent to the ... granting of" Defendant's motion.
19 LRCiv 7.2(i). Given plaintiff's pro se status, however, the Court denies Defendant's request
20 to summarily grant its motion to dismiss.

21 *Leave to Amend*

22 At the outset it is necessary to address Plaintiff's Leave to Amend because the
23 outcome of this motion will determine whether Defendant's dismissal motion should be
24 deemed to challenge the amended complaint (Doc. # 12) or Plaintiff's second amended
25 complaint (Doc. # 17). Given Plaintiff's pro se status, the Court grants Plaintiff's Leave to
26 Amend. Granting Plaintiff's Leave to Amend means that his second amended complaint
27 (Doc. # 17) becomes the "operative pleading" for purposes of resolving the present motion
28 to dismiss.

*Motion to Dismiss*

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *Parks Sch. of Bus. v. Symington,* 51 F.3d 1480, 1484 (9th Cir.1995). All material allegations of the complaint are taken as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-38 (9th Cir.1996). This Court has a duty to construe pro se pleadings liberally. *United States v. Rodriguez-Lara,* 421 F.3d 932, 938 n. 2 (9th Cir.2005). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). "The court may dismiss a complaint as a matter of law for "(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *SmileCare Dental Group v. Delta Dental Plan of California, Inc.,* 88 F.3d 780, 782 (9th Cir.1996) (internal quotation marks and citation omitted).

Title III of the ADA prohibits discrimination against persons with disabilities in places of public accommodation. 42 U.S.C. § 12182(a).[1]

> An individual alleging discrimination under Title III must show that: (1) he is disabled as that term is defined by the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; (3) the defendant employed a discriminatory policy or practice; and (4) the defendant discriminated against the plaintiff based upon the plaintiff's disability by (a) failing to make a requested reasonable modification that was (b) necessary to accommodate the plaintiff's disability.

*Fortyune v. Am. Multi-Cinema, Inc.,* 364 F.3d 1075, 1082 (9th Cir.2004).

Taking the material allegations in his complaint to be true, Plaintiff has demonstrated that he is disabled as that term is defined in the ADA. Plaintiff has also alleged sufficient

---

[1] In his second amended complaint (Doc. # 17), Plaintiff alleges that Defendant violated Title III of the ADA. Plaintiff does not allege that Defendant violated any other section of the ADA, nor do any of Plaintiff's allegations support such claims.

- 3 -

1 facts to demonstrate that the Phoenix Art Museum is an entity that operates as a place of
2 public accommodation. However, even if we assume that Defendant employed a
3 discriminatory policy or practice, Plaintiff has failed to plead sufficient facts to support a
4 claim that Defendant discriminated against Plaintiff based upon Plaintiff's disability.

5 In order to show that Defendant discriminated against Plaintiff based upon his
6 disability, Plaintiff must show that Defendant failed "to make a requested reasonable
7 modification" that was "necessary to accommodate" Plaintiff's disability. *Fortyune*, 364
8 F.3d at 1082; 42 U.S.C. § 12182 (b)(2)(A)(ii) (defining discrimination under Title III as "a
9 failure to make reasonable modifications in policies, practices, or procedures, when such
10 modifications are necessary to afford . . . accommodations to individuals with disabilities").
11 Plaintiff requested that he be allowed to bring his hip chair into the exhibit room. Defendant
12 refused to let Plaintiff bring his hip chair, stating that to do so would endanger others and the
13 paintings on display. In order to accommodate Plaintiff's disability, Defendant offered two
14 different types of wheelchairs that would have permitted Plaintiff to view the exhibit without
15 having to stand for a prolonged period of time. Nevertheless, Plaintiff refused the
16 wheelchairs and insisted upon the use of his hip chair.

17 Plaintiff has failed to plead any facts sufficient to support his claim that his requested
18 modification was either reasonable or necessary, nor has Plaintiff alleged why the proffered
19 wheel chairs were insufficient to meet his needs. Given Plaintiff's own explanation for why
20 he was denied access with his hip chair–protection of others and the artwork display–and his
21 failure to sufficiently allege that his requested modification was reasonable and necessary,
22 Plaintiff's claim for relief under Title III of the ADA fails as a matter of law. *See Martin v.*
23 *PGA Tour, Inc.*, 994 F.Supp. 1242, 1248 (D. Or. 1998) (stating that plaintiff has burden of
24 showing requested modification is reasonable), *affirmed by* 532 U.S. 661 (2001). *See also*
25 *Twombly*, 550 U.S. at 558 (stating that factual allegations that are consistent with lawful
26 conduct are insufficient to state a claim for relief).

27 Accordingly,

28

1  **IT IS ORDERED** that Plaintiff Wayne Coleman's Motion for Leave to Amend
2  Complaint (Doc. # 17) is granted.

3  **IT IS FURTHER ORDERED** that Defendant Phoenix Art Museum's Motion to
4  Dismiss (Doc. # 13) is granted; that Defendant's Motion for Summary Disposition (Doc. #
5  14) is denied; that Defendant's Motion to Strike Plaintiff's Leave to Amend (Doc. # 21) is
6  denied; that Defendant's Motion to Strike Plaintiff's Motion to Dismiss Rule 26(f), Rule
7  26(a), and Notice of Initial Disclosure and Motion to Dismiss Standard Civil Track Initial
8  Order (Doc. # 22) is denied as moot.

9  **IT IS FURTHER ORDERED** that Plaintiff's Motion for Jury Trial (Doc. # 18) is
10 denied as moot; that Plaintiff's Motion to Dismiss Rule 26(f), Rule 26(a), and Notice of
11 Initial Disclosure (Doc. # 19) is denied as moot; that Plaintiff's Motion to Dismiss: Standard
12 Civil Track Initial Order (Doc. # 20) is denied as moot; that Plaintiff's Motion to Deny
13 Defense Motion to Strike Plaintiff's Leave to Amend (Doc. # 24) is denied as moot; that
14 Plaintiff's Motion to Deny: Request for Summary Disposition of Defendant's Motion to
15 Dismiss (Doc. # 25) is denied as moot; that Plaintiff's Motion to Deny/Motion to Strike
16 Standard Civil Track Initial Order (Doc. # 28) is denied as moot; that Plaintiff's Motion to
17 File Responsive Pleading (Doc. # 29) is denied as moot; that Plaintiff's Motion to Set a
18 Pretrial Conference (Doc. # 32) is denied as moot; and that Plaintiff's Motion for Leave to
19 File Notice of Initial Disclosure (Doc. # 35) is denied as moot.

20 **IT IS FURTHER ORDERED** vacating oral argument currently set for Monday, June
21 15, 2009, at 11:00 a.m.

22 **IT IS FINALLY ORDERED** that the Clerk of the Court shall close this case.
23 DATED this 21st day of April, 2009.

James A. Teilborg
United States District Judge